

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~WILL WILSON~~
ATTORNEY GENERAL

Hon. Will Mann Richardson
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-3947
Re: Does the Secretary of
State have authority to grant
charter extension to River-
side State Warehouse Company?

According to your letter of September 9, 1941, you wish to be advised whether in the opinion of this department you are authorized to extend the charter of the above named corporation.

We quote the following paragraphs from your letter:

"We have been furnished with an application for an extension of the charter of the above named corporation. This corporation was formed on September 9, 1916 under the provisions of Article 5578 of the Revised Civil Statutes of Texas. This was a particular type of corporation in which the charter had to be submitted first to the Commissioner of Markets and Warehouses. That position has now been abolished.

". . .

"The application for an extension of charter is drawn up in the proper form, if this department has the authority to grant such an extension."

Chapter 3, Title 93, Vernon's Annotated Civil Statutes, relating to markets and warehouse corporations (Articles 5578-5611, Revised Civil Statutes, 1925) authorized the issuance of a charter to permit any number of persons, not less than ten, sixty per cent of whom are engaged in agriculture, horticulture or stock raising as a business, with not less than three-fourths of whom are resident citizens of Texas, to organize and operate a cooperative association under its provisions, other than in cities of a population of 40,000 or over. And further, as provided in Article 5578, the application for such charter shall contain the information required by the general corporation laws.

Article 5588 of said statutes provides:

"Every corporation organized under this chapter shall be amenable to and subject to all laws of this State governing corporations generally."

The authority to incorporate under the provisions of Chapter 3, dating from the enactment of its provisions, Acts 1917, 35th Legislature, First Called Session, still remains, although the Legislature by the Acts of 1925, 39th Legislature, Chapter 13, abolished the office of Commissioner of Markets and Warehouses, and vested its functions and duties in the Commissioner of Agriculture. This latter act in no wise affected the rights, powers and operation of such corporations in existence prior to its passage, and as authorized under the provisions of the 1917 act.

It will be noted that by the provisions of Article 5581, the application for a charter under Chapter 3 is required to be filed with said Commissioner and approved by him prior to presenting same to the Secretary of State. And such corporations are under the supervision and control of the Commissioner of Agriculture.

Article 1315(a), Vernon's Annotated Civil Statutes, in part provides:

"Subject to a finding by the Secretary of State as hereinafter provided, any private corporation organized or incorporated for any purpose or purposes authorized under this Title, at any time within ten (10) years prior to the expiration of its charter, or any extension thereof, may extend such charter and the corporate existence of such corporation for an additional period of not to exceed fifty (50)years from the expiration date of the original charter, or any extension thereof, with all the privileges, powers, immunities, rights of succession by its corporate name, and rights of property, real and personal, exercised and held by it at such expiration. . . .

"Such extensions, however, may be made only in instances where the Secretary of State shall have found, after proper investigation, that such corporation is solvent and its capital unimpaired."

Article 1315(b) of said statutes provides that the provisions of Article 1315(a) shall extend to and include all private corporations incorporated under the general laws of Texas.

We have not viewed the present charter nor the corporation's application for extension thereof. However, from the facts stated in your letter, such corporation, organized and existing under the general laws, is within the provisions of Article 1315(a), supra, authorizing an extension of its charter.

It is therefore the opinion of this department that the Secretary of State has the authority to grant to the Riverside State Warehouse Company, a corporation organized and incorporated under the provisions of Chapter 3, Title 93 of the Revised Civil Statutes, 1925, an extension of its charter after such application for an extension has been filed with and approved by the Commissioner of Agriculture.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. R. King
Wm. J. R. King, Assistant

APPROVED SEP 30, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

WJRK:GO:wb